### 43995. COBB COUNTY v. CAMPBELL et al.
(350 SE2d 466)

MARSHALL, Chief Justice.

Cobb County brought this action for declaratory judgment challenging the constitutionality of Ga. L. 1984, p. 4256, which Act created two additional judgeships (designated "Associate Judges") for the State Court of Cobb County. It was stipulated that two Magistrates (predecessors to Associate Judges) of the State Court of Cobb County were in office under four-year terms on the July 1, 1984, effective date of the 1984 Act in question; that both of those positions, the terms of which will expire on December 31, 1986, are presently vacant; that defendants-appellees Nancy Maddox Campbell and Russell Carlisle were elected in the 1986 general election to four-year terms as Associate Judges of the State Court of Cobb County, to commence on January 1, 1987; and that the salaries and expenses of the State Court of Cobb County are paid out of the county treasury. The county appeals from a judgment upholding the constitutionality of the 1984 Act. We affirm.

"It is a cardinal rule . . . that legislation under attack as being in violation of constitutional mandates will be construed and upheld as constitutional unless conflict with the Constitution is clear and palpable. [Cits.] If by reasonable construction legislation can be supported by the Constitution it will not be invalidated as unconstitutional. [Cits.]" *Fulton County v. Woodside,* 222 Ga. 90, 96 (2) (149 SE2d 140) (1966).

The appellant county contends that the 1984 Act is in violation of the uniformity provisions of the 1983 Georgia Constitution, i.e., Art. VI, Sec. I, Par. V: "Except as otherwise provided in this Constitution, the courts of each class shall have uniform jurisdiction, powers, rules of practice and procedure, and selection, qualifications, terms, and discipline of judges . . ."; and Art. VI, Sec. IX, Par. I: "The judicial system shall be administered as provided in this Paragraph. Not more than 24 months after the effective date hereof, and from time to time thereafter by amendment, the Supreme Court shall, with the advice and consent of the council of the affected class or classes of trial courts, by order adopt and publish uniform court rules and record-keeping rules which shall provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions. Each council shall be comprised of all of the judges of the courts of that class." It is argued that "[i]t is evident from the Act as a whole that the legislature never intended to create two full-fledged state court judges, but

intended to vary the practice in Cobb County from other state courts across the state by providing a two-tier, hybrid court, composed of state court judges and associate state court judges with a non-uniform method of case assignment and handling of the court's business."

Art. VI, Sec. I, Par. V of the 1983 Constitution requires certain uniformity among "courts." The term "court" refers to the entire court, and not to the judge or judges of the court. *Fulton County v. Woodside,* 222 Ga. 90, supra, pp. 97, 101. By way of contrast, Art. VI, Sec. IX, Par. I of both the 1945 and 1976 Constitutions had a requirement for uniformity of "officers invested with judicial powers" as well as of courts, which requirement was deleted in the 1983 Constitution. Moreover, Art. VI, Sec. I, Par. VII of the Constitution of 1983 provides: "The General Assembly may abolish, create, consolidate, or *modify* judicial circuits and *courts and judgeships* . . ." (Emphases supplied.) Thus, there is no constitutional requirement of uniformity among judges within one court. The 1984 Act is by its own terms subject to OCGA Title 15, Chap. 7, and under OCGA § 15-7-4, the jurisdiction and power of the State Court of Cobb County is equal to that of other Georgia state courts.

This court has upheld legislation which separates courts into divisions, as does the 1984 Act in question. *Fulton County v. Woodside,* 222 Ga. 90, supra, p. 97, citing *Welborne v. State,* 114 Ga. 793, 824 (40 SE 857) (1902). As for the Act's provisions for assignment of cases to the "second division" (the associate judges) by the senior judge of the court, such provisions expressly do not limit the power of the associate judges to hear and decide any matter within the jurisdiction of the court which is assigned to them. Under Rule 3.1 of the Uniform State Court Rules, adopted pursuant to Art. VI, Sec. IX, Par. I of the 1983 Constitution, supra, a case-assignment system in multi-judge circuits whereunder each judge is allocated an equal number of cases, is subject to the approval or modification of a majority of the judges in the circuit. 253 Ga. 811, 887. Hence, the case-assignment system provided by the 1984 Act (which systems have been approved in such cases as *Fulton County v. Woodside,* supra) is such as could be adopted by each local court under its inherent power to control its own internal administration to promote flexibility and efficiency, subject only to limitations of uniform rules, statute, or the Constitution.

The 1984 Act did not violate the uniformity provisions of the Constitution.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 4, 1986.

*Sams, Glover & Gentry, Irma B. Glover,* for appellant.

*G. Conley Ingram, Walter G. Elliott, Mike Treadaway,* for appellees.