S93A0221. LEE v. KING.
(428 SE2d 326)

FLETCHER, Justice.

We granted the application to appeal in this post-conviction habeas corpus action to consider whether Henry K. Lee's claim of an immunity agreement required the grant of his petition for habeas corpus relief. Because Lee has failed to support his claim of an immunity agreement, we affirm the trial court's denial of the petition for the writ of habeas corpus.

Georgia and South Carolina law enforcement officials interviewed Lee in March 1981 concerning the deaths of two migrant workers in Georgia. Lee's South Carolina attorney stated at the interview that Lee was offering a proffer of his testimony in exchange for immunity from prosecution for the two murders. In February 1983, Lee was indicted along with his nephew for the July 18, 1980, malice murders of Charles E. Truitt and Cecil W. Cunningham. On October 18, 1983, Lee entered a plea of guilty to one count of murder without raising any claim of immunity. He was sentenced to life imprisonment with the sentence to run concurrently with the life sentence he was serving in South Carolina. The second murder charge was dismissed. In 1992, Lee filed this petition, claiming that the state failed to honor its grant of transactional immunity given in exchange for his statement to in-

vestigators implicating other persons in the two murders. The habeas court conducted evidentiary hearings and denied all relief. Lee appeals.

1. No common law or statutory authority exists for a grant of transactional immunity in Georgia. *State v. Hanson*, 249 Ga. 739, 742 (295 SE2d 297) (1982); see *Corson v. Hames*, 239 Ga. 534 (238 SE2d 75) (1977) (OCGA § 24-9-28 provides authority to grant only use and derivative use immunity for a witness compelled to testify). A district attorney, however, has the prosecutorial discretion to dismiss cases prior to indictment in exchange for information. *Bryant v. State*, 164 Ga. App. 555 (296 SE2d 792) (1982). For a prosecutor to exercise his discretion in promising to forego prosecution, he must describe in writing the crimes or transactions from which an individual is excused and obtain court approval. *Hanson*, 249 Ga. at 744.

Although this rule applied when Lee was indicted in February 1983, there is no evidence that the prosecutor complied with it. The record does not show that the district attorney either described the murders from which Lee was excused from prosecution or obtained court approval of an agreement to forego prosecution. Instead, Lee's Georgia attorney testified at the habeas hearing that he did not know about the claim of immunity as a possible defense to the murder charges and that Lee voluntarily entered his guilty plea. The transcript of Lee's 1983 sentencing hearing, which does not indicate any immunity discussion, supports the habeas court's finding that Lee's guilty plea was freely and voluntarily entered.

2. Moreover, Lee fails to provide evidence that he reached an immunity agreement with the prosecutor. Lee has not produced any testimony that the district attorney promised to forego prosecution of Lee for the two murders in Georgia in exchange for information concerning the involvement of other persons. Lee's documents, none of which are from the district attorney, are insufficient to support his assertion that the district attorney offered, and he accepted, immunity from prosecution.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1993 —
RECONSIDERATION DENIED MAY 6, 1993.

Henry K. Lee, *pro se.*

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General, Massie H. McIntyre,* for appellee.