## S99A1120. CUZZORT v. THE STATE.
(519 SE2d 687)

HUNSTEIN, Justice.

Appellant Terry Lee Cuzzort was indicted in the Lookout Mountain Judicial Circuit on charges of aggravated stalking. According to the method of case assignment established in that circuit, Cuzzort's case was assigned to a judge and placed on the court calendar by the district attorney. Cuzzort filed a series of pretrial motions challenging the system of assigning judges and calendaring cases presently employed in the Lookout Mountain Judicial Circuit, all of which were denied in a consolidated order. The trial court issued a certificate of immediate review and this Court granted Cuzzort's application for interlocutory appeal to determine whether the case assignment method employed in the Lookout Mountain Judicial Circuit violates Uniform Superior Court Rule 3.1. Finding that it does, we reverse.

1. Uniform Superior Court Rule 3.1 provides, in pertinent part,

**3.1 Method of Assignment.** In multi-judge circuits, unless a majority of the judges in a circuit elect to adopt a different system, all actions, civil and criminal shall be assigned by the clerk of each superior court according to a plan approved by such judges to the end that each judge is allocated an equal number of cases.

The State contends the case assignment system used in the Lookout Mountain Judicial Circuit is the most efficient for a rural circuit with multiple counties and judges, and the random case assignment method proposed in USCR 3.1 is impracticable. Under the plain language of the rule, multi-judge circuits may adopt a different method subject to the approval of a majority of the circuit's judges. *Lumpkin v. Johnson*, 270 Ga. 392 (1) (509 SE2d 621) (1998); *Cobb County v. Campbell*, 256 Ga. 519 (350 SE2d 466) (1986) (applying Rule 3.1 of the Uniform State Court Rules). Certainly, "judges, in their capacity as members of the judiciary, have the inherent authority to determine their own internal operating procedure for the selection of which of them shall hear cases . . . . [Cit.]" *Lumpkin*, supra at 394. Accordingly, we do not take issue with the Lookout Mountain Judicial Circuit's decision to adopt a more efficient system. The precise method of assigning and calendaring cases adopted by a multi-judge circuit, however, must comport with the notion of due process under the State and Federal constitutions, as well as the spirit and purpose of the uniform rules and applicable statutes. See id.

2. The purpose of the assignment system in multi-judge circuits is to "prevent any person's choosing the judge to whom an action is to be assigned." USCR 3.1. In this regard, we have approved of a system

in which the chief judge makes assignments in accordance with a method specifically approved by a majority of the other judges because the chief judge is not such a "person" as described in the Rule. *Lumpkin*, supra at 394. In the Lookout Mountain Judicial Circuit, however, it is not the chief or other circuit judge who makes case assignments and sets the calendar but the district attorney. Because the district attorney is clearly within the category of persons directed to refrain from affecting case assignments under USCR 3.1, we find the method of case assignment employed in the Lookout Mountain Judicial Circuit violates the clear mandate of that rule.

3. Further, we find an abuse of discretion under OCGA § 17-8-1 in that the Circuit's existing method of calendaring criminal cases permits the district attorney to call cases out of the order listed on the criminal trial calendar. OCGA § 17-8-1 requires that cases on a criminal docket be "called in the order in which they stand on the docket unless the defendant is in jail or, otherwise, in the sound discretion of the court." Although OCGA § 17-8-1 is a discretionary rule rather than a mandatory one, this discretion lies with the trial judge and not the district attorney. *Rosenbrook v. State*, 78 Ga. 111 (2) (1886); *Williams v. State*, 188 Ga. App. 496 (3) (373 SE2d 281) (1988). While a trial judge may in his discretion call cases out of order, under § 17-8-1, the district attorney is without authority to independently calendar and call cases for trial. The judges of the Lookout Mountain Judicial Circuit must take primary responsibility for the order in which criminal cases are called for trial.

The record fully supports the trial court's finding that the district attorney in this case has conducted himself in a professional and unbiased manner and used the authority given to his office solely to move cases more efficiently through the courts. Nonetheless, we cannot uphold a system of case assignment and calendaring that allows a party to assign a case and then randomly call the case for trial. Such a system fails to comply with the intent and purpose of the uniform rules and applicable statutes, and thus fails to serve the administration of justice.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

*Christopher A. Townley,* for appellant.
*Herbert E. Franklin, Jr., District Attorney,* for appellee.