## A99A2268. WOOTEN v. THE STATE.
(533 SE2d 441)

BLACKBURN, Presiding Judge.

Following a jury trial, Kenneth R. Wooten appeals his conviction of four counts of child molestation. Wooten contends that the trial court erred (1) in its assignment of cases in violation of Uniform Superior Court Rule (USCR) 3.1, (2) by allowing the admission of the victim's prior consistent statements prior to her testimony, and (3) by removing a juror during the third day of deliberations.

1. In Wooten's initial appeal, he contended that the trial court erred in denying his motion for legal case assignment and in using a party litigant to assign cases in violation of USCR 3.1. This Court remanded the case for a hearing to establish the facts surrounding the Lookout Mountain Judicial Circuit's case assignment system. Upon redocketing in this Court, the case was transferred to the Supreme Court of Georgia because it raised issues regarding the maintenance of a state court system which is within the inherent jurisdictional power of that Court. After such transfer, the Supreme Court decided *Cuzzort v. State*, 271 Ga. 464 (519 SE2d 687) (1999), in which it addressed the issue presented herein. Having decided the issue, the Supreme Court remanded the present case for our consideration in light of its opinion in *Cuzzort*.

In *Cuzzort*, the Supreme Court noted that the "precise method of assigning and calendaring cases . . . must comport with the notion of due process . . . as well as the spirit and purpose of the uniform rules and applicable statutes." Id. at 464. It then determined that because the district attorney makes the case assignments to the judges and sets the trial calendar, such system violated USCR 3.1[1] and abused the inherent discretion of OCGA § 17-8-1. Despite the Court's finding that the district attorney conducted himself in a professional and unbiased manner, the Court held that it could not "uphold a system of case assignment and calendaring that allows a party to assign a case and then randomly call the case for trial." Id. at 465 (3). The Court determined that "[s]uch a system fail[ed] to comply with the intent and purpose of the uniform rules and applicable statutes, and thus fail[ed] to serve the administration of justice." Id.

In the present case, the parties stipulated, in pertinent part, that the district attorney's office: (1) promulgated the calendar for the criminal court; (2) selected which cases to start the week within

---

[1] USCR 3.1 provides, in pertinent part:

3.1 Method of Assignment. In multi-judge circuits, unless a majority of the judges in a circuit elect to adopt a different system, all actions, civil and criminal, shall be assigned by the clerk of each superior court according to a plan approved by such judges to the end that each judge is allocated an equal number of cases.

each courtroom; (3) selected Wooten's case for trial before Judge Wood; and (4) called the Wooten case to proceed. Under these circumstances, we are bound to follow our Supreme Court's precedent. In light of the Supreme Court's determination that such a system failed to serve the administration of justice, we must reverse Wooten's convictions. Wooten had a right to a fair trial. We cannot say that his trial, administered under a system so impugned by the Supreme Court, was fair.

Although the State argues that no harm has been shown in this case, a reversal is still required. Initially, we note that this is the type of case where the harm is inherent in the system, although specific manifestations of harm may not be perceived. This is so because the harm arises from a breach of trust in the system of justice and from inherent human prejudices which are not always recognized even by those holding them. "[C]onvictions cannot be brought about by methods that offend 'a sense of justice.'" *Rochin v. California*, 342 U. S. 165, 173 (72 SC 205, 96 LE 183) (1952).

2. Wooten's argument that the child hearsay statute allows *a statement* made by a child to be admissible but does not allow more than one such statement to be introduced was decided adversely to him in *Patterson v. State*, 237 Ga. App. 80 (1) (514 SE2d 873) (1999). See also OCGA § 24-3-16. Therefore, under the facts of this case, the trial court did not err in allowing the introduction of the victim's prior consistent statements before she testified.

3. Wooten's final enumeration involving the removal of a juror is rendered moot by our decision in Division 1.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED APRIL 10, 2000 —
RECONSIDERATION DENIED MAY 19, 2000

*Cook & Connelly, Bobby Lee Cook, Todd M. Johnson*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Melodie S. Bedford, Assistant District Attorney*, for appellee.

