## A00A2476. MORRISON v. THE STATE.
(546 SE2d 312)

MIKELL, Judge.

David E. Morrison was indicted for two counts of robbery and one count of impersonating an officer. A jury convicted Morrison of robbery, impersonating an officer, and theft by deception, a lesser included offense of the second robbery charge. This appeal followed. We affirm.

On appeal, Morrison no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to support the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). So viewed, the record shows that Janna Michelle Barton was employed as a cashier at a convenience store in Rossville where she was working the 11:00 p.m. to 7:00 a.m. shift on the night of September 10, 1998. Barton testified that Morrison entered the store, showed her a badge, and claimed to be a Georgia Bureau of Investigation officer. Morrison asked Barton if he could examine her cash drawer as part of an investigation. Next, Morrison instructed Barton to ask the other customers to leave the store and to lock the door behind them, and she complied. Morrison took the cash, gave Barton a receipt signed "Agent Kelly," and left the store. Barton testified that she was scared and nervous during the encounter, and that she

was intimidated by Morrison. She further testified that Morrison's shirt was untucked, so that she could not determine if he had a weapon. Morrison had been a regular customer in the convenience store during the preceding month, and Barton testified that Morrison had asked her about purchasing marijuana on a previous occasion.

Several law enforcement officers reported to the store after Morrison departed with the cash. Upon viewing the store's surveillance video, one of the officers recognized Morrison. Barton was able to identify Morrison from a photographic lineup that had been prepared for George Cantrell, a victim in a similar case. The officers proceeded to a location on Indian Avenue where they apprehended Morrison pursuant to a warrant for his arrest. At the time of his arrest, Morrison was wearing the same clothes described by Barton and seen on the surveillance video.

Cantrell, the resident manager of an apartment complex in Walker County, testified that he was approached by Morrison on September 7, 1998, three days before the incident at the convenience store. Morrison showed Cantrell a badge and claimed to be employed by a security company. Cantrell testified that Morrison told him that he was investigating a claim that a tenant was passing counterfeit currency and demanded to see the rent that Cantrell had collected. Morrison took the money and fled. Cantrell identified Morrison from a photographic lineup and at the trial. Michael Lynn, a resident of the apartment complex and a friend of Morrison, told law enforcement officers that Morrison had told him about a plan to rob Cantrell.

1. First, Morrison argues that his conviction must be reversed due to the method of case assignment used in the Lookout Mountain Judicial Circuit at the time of his trial. Morrison relies on *Cuzzort v. State*, 271 Ga. 464 (519 SE2d 687) (1999), in which the Supreme Court held that the circuit's case assignment system violated Uniform Superior Court Rule 3.1.[1] The Supreme Court determined that because the district attorney assigned cases to the judges and set the trial calendar, the system violated USCR 3.1 and misused the discretion granted by OCGA § 17-8-1.

We applied the *Cuzzort* decision to reverse a conviction in *Wooten v. State*, 244 Ga. App. 101 (533 SE2d 441) (2000), cert. granted, Case No. S00C1574 (October 6, 2000), in which we held that "Wooten had a right to a fair trial. We cannot say that his trial, administered

---

[1] USCR 3.1 provides:

In multi-judge circuits, unless a majority of the judges in a circuit elect to adopt a different system, all actions, civil and criminal, shall be assigned by the clerk of each superior court according to a plan approved by such judges to the end that each judge is allocated an equal number of cases.

under a system so impugned by the Supreme Court, was fair." Id. at 102. The conviction in *Wooten*, like the conviction in the case sub judice, took place prior to the decision in *Cuzzort*.

*Cuzzort* and *Wooten* are distinguishable from the instant case. In those cases, the appellants had objected in the trial court to the method of case assignment in the circuit. Cuzzort's application for interlocutory review was granted after the trial court denied "a series of pretrial motions challenging the system of assigning judges and calendaring cases presently employed in the Lookout Mountain Judicial Circuit. . . ." 271 Ga. at 464. Similarly, appellant Wooten claimed that "the trial court erred in denying his motion for legal case assignment." 244 Ga. App. at 101.

In contrast, Morrison raised no challenge in the trial court to the method of case assignment. Accordingly, there is no ruling for this court to review. "This Court is a court for the correction of legal errors and has no jurisdiction to address issues that are raised for the first time on appeal." *McDaniel v. State*, 221 Ga. App. 43, 46 (1) (470 SE2d 719) (1996).

Nor can Morrison claim that he was unaware of the case assignment system used in the circuit at the time of his trial, as he notes in his brief that the district attorney, rather than the court, "sounded" the case for trial. "A party cannot ignore during a trial that which he thinks to be error or an injustice and take his chances on a favorable outcome and then complain later." (Punctuation omitted.) *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 882 (429 SE2d 264) (1993); see also *Pullen v. State*, 208 Ga. App. 581, 583 (2) (b) (431 SE2d 696) (1993).

Morrison argues that this court is precluded from holding that he has waived his right to challenge the case assignment system on appeal. Under the "plain error" doctrine, we will consider issues not properly raised and ruled upon in the trial court when the alleged error "is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding." (Citations and punctuation omitted.) *Thorne v. State*, 246 Ga. App. 741, 743 (2) (542 SE2d 157) (2000). However, we do not find that this is such a case, especially considering that the defendant did not object to the judge who presided, did not object to the scheduling of the case for trial, and did not move for a continuance. Instead, Morrison presented a spirited defense during the course of the two-day trial. Thus, we hold that this was not a case of plain error.

2. We reject Morrison's second enumerated error that there was insufficient evidence to support his conviction. The evidence summarized above was amply sufficient to enable a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Finally, we find that the trial court did not err by instructing the jury on lesser included offenses. The trial court used the pattern jury charge to inform the jury that it could consider theft by deception as a lesser included offense of each count of robbery.

Under OCGA § 16-8-3 (a), "[a] person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." "The correct rule is that a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990). We conclude that there was evidence to warrant the given charge, and that the trial court adequately instructed the jury.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 21, 2001 —
RECONSIDERATION DENIED MARCH 28, 2001.

*Bruce & Hentz, William D. Hentz*, for appellant.
*Herbert E. Franklin, Jr., District Attorney*, for appellee.