## S00G1574. THE STATE v. WOOTEN.
### (543 SE2d 721)

FLETCHER, Presiding Justice.

A jury in the Lookout Mountain Judicial Circuit convicted Kenneth R. Wooten in April 1997 of four counts of child molestation. The Court of Appeals for the State of Georgia reversed his conviction based on our decision in *Cuzzort v. State*[1] that the system for

---

[1] 271 Ga. 464 (519 SE2d 687) (1999).

assigning cases in that circuit violated state law.[2] We granted the writ of certiorari to consider whether Wooten's conviction should be reversed because the district attorney called the case for trial and assigned it to a judge. Because we hold that the case assignment system is not unconstitutional and it is highly improbable that it contributed to the jury's verdict, we reverse the decision of the court of appeals.

1. Uniform Superior Court Rule 3.1 provides that the clerk of the superior court shall assign all cases in circuits with more than one judge, unless the judges adopt a different system by a majority vote. In 1981, the judges in the Lookout Mountain Judicial Circuit adopted a different case assignment system. Under its system, the judges are "designated and assigned to sit and preside on assigned days and weeks during the year in a designated county" to hear any civil or criminal matter that is called for trial before them. The judges establish their annual schedule and publish who will preside during each week of the grand jury, arraignments, criminal motions, pleas, and criminal jury trials in the circuit.

In *Cuzzort v. State*, we held that the circuit's method for calling cases for trial violated OCGA § 17-8-1 and its method for assigning cases to judges violated Uniform Superior Court Rule 3.1. Although we concluded that the existing system failed to serve the administration of justice,[3] we did not base our holding on a violation of the defendant's due process rights or any other provision of the Georgia Constitution or United States Constitution.[4] There was no evidence that the district attorney had manipulated the criminal justice system, engaged in prosecutorial misconduct, or exhibited bias in carrying out his duties. Instead, the trial court found that the district attorney had used the authority given his office in a fair manner solely to move the circuit's cases more efficiently through the courts.

Since we considered Cuzzort's challenge in an interlocutory appeal prior to trial, we were not required to consider the effect of our ruling on a conviction obtained under the case assignment system. This case raises the issue whether a defendant's conviction must be reversed based on a violation of OCGA § 17-8-1 and Uniform Superior Court Rule 3.1.

2. Wooten contends that the illegal assignment system deprived him of due process by giving the district attorney discretion to allo-

---

[2] *Wooten v. State*, 244 Ga. App. 101 (533 SE2d 441) (2000).

[3] See Standards for Criminal Justice 3-5.1 ("Control over the trial calendar should be vested in the court.").

[4] See *Simeon v. Hardin*, 451 SE2d 858 (NC 1994) (holding that state statutes giving district attorney authority to set superior court's criminal trial calendar were facially constitutional but summary judgment should not have been granted on constitutional challenge to statute as applied).

cate the first cases to be tried before the judge and jury during criminal trial week. The defendant concedes that he cannot produce evidence that the district attorney consciously acted in ways that denied him due process. Instead, he contends that the harm flows from the district attorney's control, as a party, over the whole trial process.

In our criminal justice system, the district attorney represents the people of the state in prosecuting individuals who have been charged with violating our state's criminal laws. "The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict."[5] This special duty exists because the prosecutor represents the sovereign and should exercise restraint in the discretionary exercise of governmental powers.[6] Therefore, the district attorney is more than an advocate for one party and has additional professional responsibilities as a public prosecutor to make decisions in the public's interest.[7]

In the district attorney's role as an administrator of justice, he or she has broad discretion in making decisions prior to trial about who to prosecute,[8] what charges to bring,[9] and which sentence to seek;[10] in our state district attorneys may also choose the court in which to prosecute juveniles who are accused of committing serious crimes.[11] "The choice of forum afforded the prosecutor is, like a similar choice given other litigants in other type cases, a mere consequence of the exercise" of powers provided by the statute on juvenile court jurisdiction.[12] A district attorney's actions generally must rise to the level of prosecutorial misconduct[13] or result from a structural defect in the

---

[5] See *Carr v. State*, 267 Ga. 701, 712 (482 SE2d 314) (1997) (citations omitted).

[6] See Rules and Regulations of the State Bar of Georgia, EC 7-13, 241 Ga. 643, 700 (1978).

[7] Standards for Criminal Justice 3-1.1 (b) (2d ed. 1980).

[8] *Lee v. King*, 263 Ga. 116 (428 SE2d 326) (1993) (district attorney has discretion to dismiss cases prior to indictment in exchange for information); *State v. Hanson*, 249 Ga. 739 (295 SE2d 297) (1982) (prosecutors have exercised the power to decide which defendants to prosecute from the beginning of our criminal justice system).

[9] See *Knight v. State*, 243 Ga. 770 (257 SE2d 182) (1979).

[10] See *Stephens v. State*, 265 Ga. 356 (456 SE2d 560) (1995) (district attorney has discretion to seek life sentence for second drug offense); see also *Rower v. State*, 264 Ga. 323 (443 SE2d 839) (1994) ("Absent a showing that the district attorney acted in an unconstitutional manner with respect to his case, Rower may not inquire into the prosecutor's exercise of discretion in seeking the death penalty against him.").

[11] See OCGA § 15-11-28 (b) (2) (C) (giving district attorney discretion to decline to prosecute juvenile in superior court and to transfer it to juvenile court for adjudication); see also *Bishop v. State*, 265 Ga. 821 (462 SE2d 716) (1995) (holding that statutory provision did not violate separation of powers, due process, or equal protection).

[12] *Chapman v. State*, 259 Ga. 592 (385 SE2d 661) (1989).

[13] See *Carr*, 267 Ga. at 710-712 (prosecuting attorney's inappropriate and illegal conduct showed her disregard for due process and fairness and was inexcusable); *Williams v. State*, 258 Ga. 305, 311-312 (369 SE2d 232) (1988) (knowing use of perjured testimony to obtain a conviction).

trial mechanism[14] before an appellate court will reverse a defendant's conviction.

In reviewing the district attorney's action in this case, we find that his decision to assign Wooten's case to a specific courtroom at the beginning of the criminal trial week was more analogous to other pre-trial decisions that we routinely permit district attorneys to make than to the acts of prosecutorial misconduct or structural defects in the trial process that require a reversal of the defendant's conviction. In Dade County, where Wooten was tried, two judges heard criminal jury trials during the April 1997 term of court. The district attorney had no power to decide which judges would preside that week, which citizens would be called to serve as jurors, or how the jury pool would be divided between the two courtrooms. One judge heard Wooten's pretrial motions and denied the motion challenging the case assignment system; the other judge presided over Wooten's trial. On the same day that Wooten's case was sounded for trial in the main courtroom, the district attorney assigned a similar case involving charges of incest, aggravated sodomy, and aggravated child molestation to the annex courtroom. Once Wooten's case was assigned, the attorneys examined prospective jurors on voir dire, exercised their peremptory strikes, and selected a jury; the trial court exercised its discretion in ruling on trial motions, the admissibility of evidence, objections to arguments, and requests for jury charges; and the jury heard the evidence, received instructions on the law, and reached a unanimous verdict of guilty.

Based on these facts, we reject Wooten's argument that the illegal system violated his constitutional rights and was so fundamentally unfair that the harm was inherent in the system. Instead, we hold that the district attorney's limited role in assigning cases to a judge and calling the court calendar did not violate Wooten's right to due process under the Georgia Constitution or United States Constitution.

3. Although we have determined that there was no violation of Wooten's constitutional rights, we must still decide whether the error at his trial was harmless under state law.[15] Our Court applies the highly probable test in reviewing a nonconstitutional error in a criminal case.[16] Given the district attorney's limited discretion and the

---

[14] See *Arizona v. Fulminante*, 499 U. S. 279 (111 SC 1246, 1265, 113 LE2d 302) (1991) (constitutional errors that are not subject to harmless error analysis include structural defects affecting the framework within which the trial proceeds, such as total deprivation of the right to trial counsel or a trial judge who is not impartial); *McIntyre v. State*, 266 Ga. 7 (463 SE2d 476) (1995) (rejecting view that substitution of judge at trial was a structural defect requiring automatic reversal).

[15] *Chapman v. California*, 386 U. S. 18, 21 (87 SC 824, 17 LE2d 705) (1967).

[16] See *Henderson v. State*, 251 Ga. 398 (306 SE2d 645) (1983); *Johnson v. State*, 238 Ga.

subsequent independent roles that the trial judge and jury played, we conclude that it is highly improbable that the error in the circuit's assignment system contributed to the jury's verdict of guilty.

4. Because our holding vitiates the finding of mootness, on remand the Court of Appeals must consider Wooten's enumeration of error relating to a juror's removal.

*Judgment reversed and case remanded. All the Justices concur, except Sears and Thompson, JJ., who dissent.*

SEARS, Justice, dissenting.

For the reasons given in the Court of Appeals' opinion, I conclude that Wooten's conviction must be reversed. Accordingly, I respectfully dissent to the majority opinion.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED MARCH 2, 2001.

*Herbert E. Franklin, Jr., District Attorney,* for appellant.
*Cook & Connelly, Bobby Lee Cook, Todd M. Johnson,* for appellee.