A01A0820. MULVEY v. THE STATE.
(551 SE2d 761)

SMITH, Presiding Judge.

James Chandler Mulvey and Danny Alonzo Anderson were indicted by a Gwinnett County grand jury on one count of trafficking in cocaine. Mulvey was tried separately and convicted by a jury. His motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. Mulvey raises the general grounds, contending that the State failed to show the total weight of the cocaine seized. But the forensic chemist who analyzed the cocaine testified that it weighed 212.3 grams with 81 percent purity. While Mulvey contends that the packaging material may have been included in this weight, thus causing the weight of the cocaine to exceed the limit established by OCGA § 16-13-31 (a) (1) (B), no such evidence was adduced at trial. In fact, the forensic chemist testified that she removed the cocaine from its packaging to test it "and also to weigh it."

Mulvey also contends the evidence demanded a directed verdict of acquittal on the basis of entrapment. Mulvey testified that he was "weakened . . . mentally" from caring for his elderly mother and "fell

victim" when a confidential informant repeatedly "worried" him about finding a dealer who would sell her a substantial quantity of cocaine. But the confidential informant testified that Mulvey had paged her several times and when she returned the call he was "looking for some cocaine." When she told him she did not have any because "there was a drought," he told her that he might "be able to hook it up" with "somebody that was dealing in weight." Mulvey did not purchase directly from this individual because he "did not sell to him in small quantities." A few days later he called her back, asked her how much cocaine she wanted, and arranged the transaction. And Mulvey acknowledged that he was not threatened or bribed and that he "wanted this deal to go down" because he was to receive a quarter-ounce of the drug for his efforts in facilitating the transaction.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was convicted.

(Citations and punctuation omitted.) *Slaughter v. State*, 217 Ga. App. 449, 450 (1) (a) (459 SE2d 168) (1995). In this case the jury was authorized to reject the evidence presented by Mulvey in light of the countervailing testimony presented by the State, and his enumerations based on the general grounds are without merit. Id.

2. Mulvey complains of the method used for preparing the trial calendar and calling cases for trial in the Gwinnett Circuit, citing *Cuzzort v. State*, 271 Ga. 464 (519 SE2d 687) (1999), and *Wooten v. State*, 244 Ga. App. 101 (533 SE2d 441) (2000), rev'd, *State v. Wooten*, 273 Ga. 529 (543 SE2d 721) (2001). Mulvey contends that the assistant district attorney called this case for trial out of order and was without authority independently to calendar and call cases for trial.

In *Cuzzort*, the Supreme Court conducted an interlocutory review of the Lookout Mountain Judicial Circuit's method of allowing the district attorney to set the calendar and assign cases to a particular judge. The Court concluded that the district attorney's " 'choosing the judge to whom an action is to be assigned' " was improper, id. at 464-465 (2), and that the system also improperly allowed "the district attorney to call cases out of the order listed on the criminal trial calendar." Id. at 465 (3).

In *State v. Wooten*, supra, the Supreme Court reversed this court's holding in *Wooten v. State*, supra. The Supreme Court concluded that even though the Lookout Mountain Circuit's method of allowing the district attorney to draw up a calendar and assign cases was erroneous, it was not an error of constitutional magnitude. *State v. Wooten*, supra, 273 Ga. at 532 (2). Moreover, in light of the considerable discretion reposed in the district attorney by law and the intervening actions of trial court and jury, the error did not require reversal of Wooten's conviction because it was "highly improbable that the error in the circuit's assignment system contributed to the jury's verdict of guilty." Id. at 533 (3).

Here, in response to Mulvey's objection, the trial court read into the record and attached to the transcript as Court Exhibit 1 an order entered on March 2, 2000, approximately six weeks before the trial of this case. The order amended the standing order of the Gwinnett Judicial Circuit for the preparation and calling of criminal trial calendars. This order expressly states that it was entered in response to *Cuzzort*, supra, and orders the district attorney

> to prepare criminal trial calendars which shall be reflective of and consistent with the then-pending criminal docket of each judicial division of the Gwinnett Superior Court. The cases thereon shall be called in the order in which they stand on each division's docket, unless the defendant is in jail or otherwise in the sound discretion of the Court. . . . No case shall be postponed or removed from the calendar except by leave of the Court.

The trial court further noted for the record that the calendar had been called in open court and that every case was addressed and accounted for in the order in which it appeared on the calendar. Scanning the calendar itself, the trial court noted that the cases "are accounted for or continued for good cause shown, have been approved as continued or subject to a plea to be taken or a motion to suppress. . . . [T]he Mulvey case is in order to be reached." The court also pointed out that Mulvey's case had been "called for trial last month . . . and it was continued for good cause shown at the request of the defense over objection of the State, and it was announced to be ready for trial this particular week." Under these circumstances, Mulvey has failed to show any violation of the rule established in *Cuzzort*, supra, and this enumeration of error is without merit.

3. Mulvey also enumerates as error the trial court's sua sponte examination of a potential juror for bias and her ultimate excusal for cause. During jury selection, the trial court recognized Juror No. 28 as an individual who had posted bond for her son on a drug offense.

The son was a fugitive for several years but eventually was apprehended and pled guilty. Anticipating that she "might feel uncomfortable about serving," the trial court questioned her out of the presence of the jury pool and allowed Mulvey's counsel to question her. The juror stated, "I just don't feel up to it," and elaborated, "I just don't — don't feel like I could be fair" and that she "couldn't go against" the defendant, because her son was in custody. Questioned by Mulvey's counsel, she indicated that her experience would prevent her from listening to the evidence and the law in the case and would prevent her from reaching a verdict. Saying that it was "well satisfied this lady . . . has good cause to have reservations," the trial court excused her for cause.

"The trial court may, on its own motion, and in the exercise of sound discretion, excuse an incompetent juror at any time before evidence is given." *Norris v. State*, 250 Ga. 38, 39 (1) (295 SE2d 321) (1982); see also *Nichols v. State*, 186 Ga. App. 314, 315 (1) (367 SE2d 266) (1988). "In determining whether a juror can impartially decide a case in accordance with the evidence presented during the trial, the trial court is given the utmost discretion and will not be reversed absent a manifest abuse of that discretion." (Citation omitted.) *Scott v. State*, 219 Ga. App. 906, 907 (1) (467 SE2d 348) (1996). Moreover, "[a] trial judge should err on the side of caution by dismissing, rather than trying to rehabilitate, biased jurors." *Walls v. Kim*, 250 Ga. App. 259, 260 (549 SE2d 797) (2001). The juror's testimony that she was biased in favor of one of the parties on account of her personal experiences justified a challenge for cause. *Nichols*, supra at 314-315; see also OCGA § 15-12-164. The trial court did not abuse its discretion in doing so.

4. In two enumerations of error, Mulvey complains of the testimony of an undercover police officer regarding the drug transaction and Mulvey's conduct in connection with it. First, Mulvey contends the officer impermissibly stated his opinion that Mulvey was worried about the officer's unexpected presence at the scene of the transaction because "he really wanted the deal to take place and he was just concerned that the person that was bringing the cocaine would — you know, would feel uncomfortable and turn around and walk off, you know." But "[e]vidence is harmless where admissible evidence of the same fact is before the jury." (Citations and punctuation omitted.) *Maher v. State*, 216 Ga. App. 666, 667 (1) (455 SE2d 377) (1995). The officer had already given similar testimony, saying, "I think he was concerned that maybe some type of violence or something would take place or either the guy just may be uncomfortable and didn't want to do the deal." He had also given the facts from which he drew his conclusions, including Mulvey's protests that " 'I don't know this guy' " and that he did not know if he should call the supplier or not,

"because he's not going to like the fact that I was there." "The questions and answers that followed the overruling of defendant's objection were not substantially different. Consequently, any error in permitting the state to question the witness on this topic was harmless." (Citations and punctuation omitted.) *Richardson v. State*, 233 Ga. App. 233, 238 (3) (504 SE2d 65) (1998).

Second, Mulvey contends the trial court erred in allowing the officer to testify, "I think he pretty much arranged it and said, 'I know where you can get drugs if you want some.'" This, he contends, amounted to speculation. But Mulvey again ignores the testimony elicited before this statement and the context in which it occurred. The officer had already testified in detail regarding his qualifications as a police officer, the typical investigation methods and work of a drug enforcement officer, and his involvement in the transaction in question here. He testified at length to his conversations and interaction with Mulvey from the time he and the confidential informant arrived at Mulvey's apartment. During this testimony, in response to an objection from Mulvey, the trial court stated that the officer had "laid a foundation, Counsel, in his line of work. The jury can weigh that, whatever weight and credit they see fit to give it." Mulvey has not enumerated this ruling as error. "Matters not enumerated as error will not be considered on appeal." (Citations and punctuation omitted.) *Smith v. State*, 224 Ga. App. 819, 821 (3) (481 SE2d 896) (1997).

At the time of the response Mulvey enumerates as error, the State was examining the officer regarding the participants in the transaction and "what their role is in sort of the drug hierarchy."[1] The officer described the manner in which such a drug transaction is usually conducted and the usual participants and their typical roles. He went on to testify specifically: "When I walked into the apartment, you know, I wanted drugs and Mr. Mulvey knew the people to call. . . . He called Mr. Anderson. Mr. Anderson brought the drugs over." An audio surveillance tape of the entire conversation was then identified, admitted into evidence, and played for the jury. The officer was an active participant in the drug transaction in question and conversed with Mulvey before and during the transaction. His testimony regarding whether Mulvey arranged the transaction was not speculation but was based upon his personal observations and communications with Mulvey as well as his training and experience as a drug enforcement officer. See *Felder v. State*, 270 Ga. 641, 645 (7) (514 SE2d 416) (1999).

---

[1] Mulvey also does not enumerate this testimony as error, although he interposed an objection at trial.

While Mulvey argues on appeal that this testimony also went to the ultimate issue in the case and usurped the province of the jury, he did not state this as a basis for his objection at trial. Although he did state this basis for an earlier objection to other testimony, he did not enumerate that testimony as error. "Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court." (Citations and punctuation omitted.) *Williams v. State*, 234 Ga. App. 191, 195 (6) (506 SE2d 237) (1998).

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JULY 2, 2001.

*Darel C. Mitchell*, for appellant.
*Daniel J. Porter, District Attorney, Shampa Banerji, Assistant District Attorney*, for appellee.