## A01A1809. COBB v. THE STATE.
(561 SE2d 124)

SMITH, Presiding Judge.

James Edward Cobb was indicted by a Forsyth County grand jury on three counts of aggravated child molestation, one count of child molestation, two counts of statutory rape, and two counts of incest. He was found guilty by a jury, his motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. Cobb raises the general grounds, contending the victim was unsure of details and contradictory in her testimony. But "[t]he jury determines credibility and resolves conflicts in the evidence; this Court does not reweigh the evidence but only determines its legal sufficiency. [Cit.]" *Banks v. State*, 250 Ga. App. 728, 731 (4) (552 SE2d 903) (2001). The victim's testimony alone was sufficient to support the conviction. *Alford v. State*, 243 Ga. App. 212, 213 (1) (534 SE2d 81) (2000).

2. Two enumerations of error concern Cobb's attempt to call a witness who, he claims, would have testified to a prior false allegation of child molestation by the victim. Cobb had issued a subpoena for this witness, he was served, and the return was filed with the court two days before trial. When the witness did not appear, Cobb moved for a continuance. In a colloquy with the court, Cobb stated that the witness's testimony would be that the victim had made allegations of sexual molestation against him and that those allegations were false.

OCGA § 17-8-25 provides for a continuance on account of an absent witness if a showing is made to the trial court that meets the following requirements:

> that the witness is absent; that he has been subpoenaed; that he does not reside more than 100 miles from the place of trial by the nearest practical route; that his testimony is material; that the witness is not absent by the permission, directly or indirectly, of the applicant; that the applicant expects he will be able to procure the testimony of the witness at the next term of the court; that the application is not made for the purpose of delay but to enable the applicant to procure the testimony of the absent witness; and the application must state the facts expected to be proved by the absent witness.

Cobb has failed to meet several of these requirements, including ability to procure the witness at the next term of court, that the applica-

tion was not made for the purpose of delay,[1] and that the witness was not absent by permission. Most importantly, however, the proffer of testimony was inadequate to demonstrate that the witness's testimony was material, because it did not meet the standard for admission of previous false allegations by the victim in a child molestation case.

> The rape shield statute's exclusion of evidence relating to the past sexual behavior of the complaining witness applies in child molestation cases. But the rape shield law does not prohibit testimony of previous false allegations by the victim. Before such evidence can be admitted, the trial court must make a threshold determination (outside the presence of the jury) that a reasonable probability of falsity exists. The defendant has the burden of coming forward with evidence establishing a reasonable probability that the victim made a prior false allegation of molestation.

(Citation, punctuation and footnotes omitted.) *Mann v. State*, 244 Ga. App. 756, 759 (2) (536 SE2d 608) (2000). While in theory the witness's testimony could have been material, the proffer was inadequate to meet the standard under *Mann*. A mere general denial by the alleged perpetrator, without evidence of any specific allegations, is insufficient to establish a reasonable probability of falsity. *Kelley v. State*, 233 Ga. App. 244, 251 (503 SE2d 881) (1998). While Cobb made no proffer at trial, he now asserts that the State declined to prosecute the alleged perpetrator. But testimony that the police have failed to prosecute is insufficient to establish that the allegations are false. *Mann*, supra.[2] Since Cobb did not meet his burden to show a reasonable probability of falsity, he did not show that the testimony was material, and the trial court did not deny him a fair trial or err in refusing to grant a continuance for this reason as well.

3. Cobb subpoenaed the victim in this case and the victim in an

---

[1] Cobb attempted to present this witness outside the presence of the jury in the middle of the State's case-in-chief. He claims that he was authorized to do so by an earlier statement of the motions judge (who did not try the case) that he could present the witness to the court "at whatever time you feel appropriate." Cobb's counsel stated that he wished to preserve the witness's testimony before the victim testified. But the trial court could have concluded that choosing that moment was for purposes of delay, or because the witness had permission to be absent, rather than any need to present the witness at that particular time. Cobb never sought to present the witness at any other time, and he never requested that the trial court order the sheriff to bring him to court.

[2] *Strickland v. State*, 205 Ga. App. 473 (422 SE2d 312) (1992), relied on by Cobb, is inapposite because, in that case, detailed testimony was presented concerning the facts and circumstances of the allegedly false allegation, and another witness corroborated the denial of the offense by the accused.

alleged similar transaction to appear at the pretrial similar transaction hearing. The trial court quashed the subpoenas, and Cobb enumerates this as error. While Cobb's argument is somewhat convoluted and he cites no authority for his position, he appears to argue that factual inconsistencies in the victims' trial testimony as to the time at which the offenses occurred would have caused the similar transaction evidence to be excluded at the hearing if the victims had been subpoenaed and cross-examined there. But this contention is without merit. Such inconsistencies do not warrant exclusion of the challenged testimony; they go to weight rather than admissibility. *Talmadge v. State*, 236 Ga. App. 454, 457 (1) (e) (512 SE2d 329) (1999).

Cobb's claim that the testimony was a "physical impossibility" and thus inadmissible was discussed and rejected in *Hicks v. State*, 221 Ga. App. 735-736 (1) (472 SE2d 474) (1996). The question of time appears very similar to the question of distance and speed in *Hicks*: a detail which would affect only the weight of testimony. Since the burden of proof at a similar transaction hearing is only the preponderance of the evidence, *Freeman v. State*, 268 Ga. 185, 188 (4) (486 SE2d 348) (1997), Cobb's contention that testimony admissible at trial for consideration by the jury would have been rejected by the trial court at a similar transaction hearing is without merit.

4. Cobb relies on *Cuzzort v. State*, 271 Ga. 464 (519 SE2d 687) (1999), and *Wooten v. State*, 244 Ga. App. 101 (533 SE2d 441) (2000), rev'd, *State v. Wooten*, 273 Ga. 529 (543 SE2d 721) (2001), to contend that the district attorney's office was improperly permitted to call this case out of order. Several difficulties exist with this contention. *Cuzzort* does forbid "the district attorney to call cases out of the order listed on the criminal trial calendar." Id. at 465 (3). But in *Wooten*, the Supreme Court of Georgia decided that the case assignment system in the same circuit was not unconstitutional and that it was "highly improbable" that the system contributed to the verdict, and it therefore declined to reverse a conviction on that ground. Id. at 533 (3).

Here, the trial court heard Cobb's motion for continuance before trial. The district attorney contended that the parties had agreed that the case would be tried in April on the circuit's "priority calendar." Cobb's counsel acknowledged that he had been told by the assistant district attorney that the case would be "first out in April. However, I don't think we ever expressly agreed." The trial court placed on the record the procedure adopted by the circuit after *Cuzzort*: at a calendar call the district attorney lists those cases on the calendar that "he considers to be the priority cases for trial during a given trial week." Those cases are put on a priority calendar which is called in that order unless otherwise ordered by the court. The trial court spe-

cifically stated that this procedure was adopted to put the defense bar on notice, to allow the State to prepare for trial, and "to try those cases that need to be tried."

This issue was also raised and further elaborated upon at Cobb's motion for new trial. The district attorney testified that the trial court had given his office leave to prepare a priority list and allowed his office to call cases from the priority list with express leave and in the exercise of the trial court's discretion. The district attorney also testified that the parties had agreed to try the case in the month of April; he testified that this took place at the February calendar call. After hearing testimony, the trial court on the motion for new trial found that given the continuance, the necessity for the party with the burden of proof to have its witnesses ready, and the fact that the victim was a child, all called for exercise of the trial court's discretion to try the case out of order. The trial court also expressly held that there was no manipulation of the calendar and that Cobb's counsel had agreed "or acquiesced in" the announcement that the case would be moved from the February trial calendar to the April trial calendar. The trial court also found no showing of harm.

We therefore must decide whether allowing the district attorney to choose "priority" cases and create a shorter "ready" calendar violates the principles of *Cuzzort* and *Wooten*. While *Cuzzort* forbids allowing the *district attorney* to call cases out of order, it appears that the decision to create a "priority calendar" was made by the trial court, not the district attorney, and the priority calendar was approved in open court. Moreover, Cobb's case already had been continued from the February calendar and reset for trial in April, and the trial court expressly found that this was done with the consent or acquiescence of defense counsel. Cobb therefore has failed to show a violation of *Cuzzort*. See generally *Mulvey v. State*, 250 Ga. App. 345, 346-347 (2) (551 SE2d 761) (2001).

5. Finally, Cobb contends that the trial court erred in allowing testimony regarding an alleged earlier molestation of the victim during the time outside the scope of the indictment, contending that it was not properly presented as similar transaction evidence. But the law is abundantly clear that such an incident would not be a "similar transaction" but a "prior difficulty" between the victim and defendant, a matter not covered by the requirements of Uniform Superior Court Rule 31.3. *Wall v. State*, 269 Ga. 506, 508-509 (500 SE2d 904) (1998).[3] This contention is without merit.

---

[3] In *Wall v. State*, supra, the Supreme Court of Georgia noted that prior difficulties evidence "should be accompanied by an instruction from the trial judge explaining the limited use to which the jury may put such evidence." Id. at 509. But Cobb has not enumerated this as error, and he failed to request such a charge. Neither *Wall* nor other prior difficulties

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 24, 2002 —
RECONSIDERATION DENIED FEBRUARY 25, 2002 —

*Jeffrey S. Purvis*, for appellant.
*Philip C. Smith, District Attorney, Rand J. Csehy, Assistant District Attorney*, for appellee.

cases "can be read to require a trial court to give a limiting charge, in the absence of a request, when evidence of prior difficulties is admitted," although it would be better practice for the trial court to do so. *State v. Belt*, 269 Ga. 763, 764-765 (505 SE2d 1) (1998).