## 46663. CARR v. THE STATE.
### (380 SE2d 700)

MARSHALL, Chief Justice.

James A. Carr appeals his conviction of the malice murder of Tommy Williams, for which he was sentenced to life imprisonment.[1]

---

[2] Of course, the appellee must serve a copy of the notice of cross-appeal on that party. See OCGA §§ 5-6-38 and § 5-6-32.

[1] The murder was committed on February 27, 1987. Carr was convicted and sentenced on May 25, 1988. A motion for new trial was filed June 13, 1988, and denied on December 27, 1988. The transcript of evidence was filed on February 7, 1989. Notice of appeal was filed on February 7, 1989. The appeal was docketed in this court on February 7, 1989. Oral argument

We affirm.

This was a contract killing in which Troy Crumbley hired the appellant and Jimmie Lee Ruth to kill Williams. The indictment listed the appellant, Troy Crumbley, and Jimmie Lee Ruth as charged with the murder of Tommy Williams. Crumbley confessed under the Witness Protection Program and pleaded guilty before appellant's trial. Crumbley received a life sentence for his part in the murder. Jimmie Lee Ruth was tried in the same trial with the appellant and was acquitted.

The evidence presented in the trial court describes the following facts. Troy Crumbley, a known drug dealer, had been shot in the mouth in 1984.

He hired the victim, Tommy Williams, whom he suspected of shooting him, to work at his service station-convenience store in order to obtain information on Williams' co-conspirators. Crumbley hired the appellant and Jimmie Lee Ruth to kill Williams. The killing was carried out in a laundromat by the appellant and in the presence of the state's key witness, Thadeaus Dozier. Carr first denied knowing anything about the shooting; however, he later admitted to being there but denied shooting Williams.

The state's case hinged upon the testimony of Thadeaus Dozier, a witness to and former suspect in the murder. During the trial, Officer Price, when asked by the prosecutor if he caused Dozier to take a polygraph test, responded that Dozier had taken a polygraph test. The appellant's attorney objected and after the jury left the courtroom, he made a motion for mistrial. The court overruled both the objection and the motion for mistrial on the ground that the evidence of the polygraph test was part of the police investigation.

1. In his first enumeration of error, the appellant claims that the trial court erred in allowing the presentation to the jury of unstipulated testimony that the state's key witness, Dozier, had taken a polygraph test.

The state asserts that the court was correct in denying the appellant's objection to the polygraph evidence and in denying the appellant's motion for mistrial. We agree. " '[T]he mere fact that the jury is apprised that a lie detector test was taken is not necessarily prejudicial *if* no inference as to the result is raised. . . .' (Emphasis in original.) *Stack v. State*, 234 Ga. 19, 23 (214 SE2d 514) (1975)." *White v. State*, 255 Ga. 210, 213 (6) (336 SE2d 777) (1985). The appellant opened the door to this type of testimony by focusing on the police investigation in his cross-examination of Officer Price. At the close of the appellant's cross-examination, the state redirected the witness

---

in this case occurred on June 6, 1989.

and asked him if he had caused Dozier to take a polygraph. The purpose of this evidence was to show the reasons for the investigator's conduct and why he sought an arrest warrant for the appellant. This use of polygraph evidence is proper when explaining the motives and conduct of the investigating officers. *Cromer v. State*, 253 Ga. 352 (3) (320 SE2d 751) (1984); *Herlong v. State*, 236 Ga. 326 (3) (223 SE2d 672) (1976). *Herlong* also states at p. 328, "[t]he decision in *Stack* did not require, as a matter of law, that a new trial be granted on every occasion where a jury is apprised that a lie detector test has been given."

The appellant asserts that this evidence is inadmissible because it bolstered the testimony of Thadeaus Dozier. See *Cromer v. State*, supra. Polygraph tests are not a reliable source of evidence, and due to this fact, the law only allows them in evidence when both parties stipulate to the admission of such evidence. " 'In general, it is impermissible for the state to bolster the credibility of a state's witness or impugn the credibility of the defendant by eliciting testimony to the effect that the witness or the defendant were administered polygraph examinations. [Cits.]' " *Wilson v. State*, 254 Ga. 473, 476 (330 SE2d 364) (1985). This argument should have been made to the trial court when the state made reference to the polygraph test in its closing argument. However, both defense attorneys failed to object; therefore, they will not be heard to complain of error on this ground.

2. The appellant argues that the trial court erred in not ordering a mistrial after the state made statements which could prejudice the thinking of the jury. The appellant asserts that it was improper for the prosecution to state in its closing argument that Crumbley had made a statement to the police, when Crumbley had, in fact, invoked his Fifth Amendment right against self-incrimination at the trial, and thus, evidence of this statement had not been presented to the jury through testimony at the trial. The defense attorney for Ruth objected to this testimony and his objection was sustained. The prosecutor went on to state that Crumbley had implicated the appellant and co-defendant Ruth. The appellant objected to this testimony and the objection was sustained by the court.

The appellant asserts that, due to the fact that the state's case against him was so weak, the improper reference to the statements made by Crumbley implicating the appellant and co-defendant Ruth led the jury to the inference that since Crumbley made a statement against his interest, that statement must be true. Therefore, the appellant must have been the one who killed Williams. The appellant states that this intentional act by the prosecutor was so prejudicial to the jury's reasoning that a mistrial should have been ordered. We do not agree.

Evidence introduced at trial clearly demonstrated that Troy

Crumbley had given a statement to the police. As to the objection by the defense that the evidence of Crumbley's statement was never referred to in court, appellee shows that: (1) Crumbley's statement appeared in the cross-examination of Officer Price. (2) Counsel for Ruth brought the statement up during his closing argument without objection. (3) The statement was brought up during the prosecution's closing argument with objections by both counsel. In the last instance, the objections were sustained by the court, but neither counsel for the appellant nor counsel for co-defendant Ruth made a motion for mistrial or requested curative instructions for the jury. The appellant's attorney, having failed to move for mistrial and curative instructions, waived the appellant's right to relief for error on this issue. *Garner v. State*, 180 Ga. App. 146 (1) (348 SE2d 690) (1986) and cits. Therefore, the appellant, having received the relief he demanded, will not be heard to complain of error by the trial court.

The evidence, when viewed most favorably to the prosecution, would authorize a rational finder of fact to find the appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 1989.

*L. David Wolfe,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.