## A90A1187. ADAMS v. THE STATE.
(397 SE2d 497)

McMurray, Presiding Judge.

On March 30, 1989, two Chattooga County Sheriff's deputies went looking for defendant. They were in possession of two warrants for defendant's arrest — a "good behavior" warrant and a simple battery warrant. The deputies spotted defendant in a moving automobile occupied by defendant and others. As the deputies approached the automobile in their marked patrol car, the automobile slowed down to approximately 10 miles per hour. Suddenly, defendant emerged from the hatch of the automobile, fell to the ground, and started running. The deputies followed defendant for a short distance with the patrol car. Then, they exited the patrol car and gave chase on foot. When they caught up with defendant, he indicated a willingness to accompany the deputies and began walking with them toward the patrol car. After taking a few steps, however, defendant "laid down on the ground and said he was hurting, he needed an ambulance." The deputies summoned an ambulance. Thereafter, with the sound of a siren, defendant "jumped up as if he was going to run again." When one of the deputies attempted to handcuff defendant, "he became violent," wrestling the deputy to the ground and holding him in a head lock. The deputies were unable to quell defendant themselves. After three or four minutes, other law enforcement officers arrived at the scene. As the officers tried to get a handle on the situation, defendant slapped the deputies. Ultimately, defendant was taken to the hospital and, thereafter, to the jail.

Via indictment, defendant was charged with two counts of felony obstruction of a law enforcement officer. During the trial, on redirect examination, one of the deputies was asked if defendant's strength was particularly great on the day in question. The deputy replied that he had never encountered anyone stronger than defendant. The deputy went on to testify that, in his opinion, based on his experience as a law enforcement officer, defendant was under the influence of drugs during the relevant time period. No objection was lodged with regard to this testimony. Thereafter, on re-cross-examination, the following colloquy took place: "Q. It's your testimony then . . . that this superhuman strength that you have described was the result of drugs? A. Yes, sir, in my opinion it is. Q. What type of drugs was it, were you able to determine that from your years of experience? A. Okay. He stated to me when I called for the ambulance, he said I'm hurting, I've been doing dope all day, I've been shooting up all day." At that point, defense counsel moved for a mistrial on the ground that he was not provided with defendant's statement pursuant to OCGA § 17-7-210. The motion for a mistrial was denied.

The jury convicted defendant upon each count of the indictment

and he moved for a new trial. The motion for a new trial was denied and defendant appealed. In his sole enumeration of error, defendant contends the trial court erred in permitting the deputy to testify that when defendant was lying on the ground and said he needed an ambulance he also said he had been using drugs all day. In this regard, defendant argues that statement was subject to defendant's OCGA § 17-7-210 request and was inadmissible inasmuch as defendant's attorney had not been provided with a copy of the statement. We disagree.

OCGA § 17-7-210 provides, in part: "(a) At least ten days prior to the trial of the case, the defendant shall be entitled to have a copy of any statement given by him while in police custody. . . . (c) Failure of the prosecution to comply with a defendant's timely written request for a copy of his statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief or in rebuttal." Assuming, arguendo, that defendant was in custody at the time the statement was made, (but see *Holbrook v. State*, 162 Ga. App. 400, 401 (1), 402 (291 SE2d 729), in which it was held "[u]tterances made by appellant during the commission of, or in connection with, the crime charged do not constitute statements given 'while in custody' "), it is clear that the statement was not used by the prosecution in its case against defendant. Rather, the statement was elicited on re-cross-examination by counsel for defendant. "Counsel asked a question which left the field wide open for a reply such as was given and counsel can not complain of the outcome." *Gaddy v. State*, 96 Ga. App. 344, 346 (2) (99 SE2d 837). Accord *Steele v. State*, 166 Ga. App. 24 (303 SE2d 462).

On appeal, defendant urges additional grounds in support of his motion for mistrial. In making his mistrial motion, however, defendant argued only that he was not provided with defendant's statement pursuant to OCGA § 17-7-210. Accordingly, the additional grounds raised by defendant on appeal cannot be considered by this Court. *Brantley v. State*, 177 Ga. App. 13 (1), 14 (338 SE2d 694).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1990.

*Edward F. Hurley*, for appellant.

*Ralph Van Pelt, Jr.*, District Attorney, *Tracey Witt*, Assistant District Attorney, for appellee.