A96A2107. WORTHY v. THE STATE.
(478 SE2d 421)

MCMURRAY, Presiding Judge.

Defendant Worthy appeals his conviction of a violation of the Georgia Controlled Substances Act, selling cocaine. *Held:*

1. The first two enumerations of error relate to the dismissal of a juror, who had been selected to serve on the petit panel, prior to the beginning of the trial. The juror had been observed standing with and engaged in a conversation with defendant on the courthouse steps. The defendant and the juror were questioned concerning their conversation, and both stated that they had a casual conversation while smoking which did not include any mention of the case against defendant. It was also established that it was not uncommon for people to be outside the building to smoke.

A police detective testified that as he came upon the pair, defendant "turned, looked at me, the juror looked àt me and he said, 'That's the one that's lying on me.' The conversation shut up. [T]here was no more conversation while I stood there. I mean nothing. They didn't talk about anything. Stood there for a couple minutes, I came back inside. When I entered back in the building, I looked out the window, conversation started back. I let this go on for a couple minutes. I walked back outside, the juror stated, 'We'll have to see in there.' They shut up again, no conversations while I was on the stoop incurred [sic]. I came back in the building, conversation started again, I come and got you." Without reaching any conclusion as to the nature of the conversation the trial court dismissed the juror "out of an abundance of caution" on the basis of the prohibited conversation between defendant and juror.

Defendant argues that dismissal of the juror had a detrimental effect upon the composition of the jury because the dismissed juror like defendant is an African-American male. This is an apparent attempt to suggest that the dismissal of the juror was racially discriminatory and to invoke a challenge similar to that created by *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69). But any such challenge must fail under the circumstances of the case sub judice.

A trial court's authority to dismiss jurors in circumstances such as these is controlled by OCGA § 15-12-172. That section provides that "[i]f at any time, whether before or after final submission of the case to the jury, a juror dies, becomes ill, [or] *upon other good cause shown to the court is found to be unable to perform his duty, or is discharged for other legal cause*, the first alternate juror shall take the place of the first juror becoming incapacitated." (Emphasis supplied.) It is well established that OCGA § 15-12-172 provides a trial court with "discretion to discharge a juror and replace him or her with an alternate at any time, and we will not reverse as long as the court's exercise of discretion has a sound legal basis. [Cits.]" *Darden v. State*, 212 Ga. App. 345, 347 (4) (441 SE2d 816).

In *Miller v. State*, 261 Ga. 679, 680 (6) (410 SE2d 101) the trial court dismissed a juror because she had an out-of-court contact with

defense counsel. The Supreme Court held that under the circumstances of that case, "the trial court had a sound basis for exercising its discretion to discharge the juror and that, accordingly, appellant's Fifth and Sixth Amendment rights were not violated in this regard. [Cits.]" Id.

Similarly, the evidence in this case showed that the trial court had a sound basis for exercising its discretion to dismiss the juror. The police detective's testimony created at least a suspicion of improper conduct by the juror, and it was the trial court's duty to dismiss him to " 'preserv[e] public respect for the integrity of the judicial process.' See generally *Beam v. State*, 260 Ga. 784, 786 (2) (400 SE2d 327) (1991)." Id. Defendant, in this case, cites no evidence of discrimination and we find none to support his contention that dismissing the juror "materially affected the composition of the jury and denied him a fair trial." The trial court committed no error in dismissing the juror, constitutional or otherwise.

After the remaining jurors returned to the courtroom, the trial court explained to them that "I had to excuse one of the jurors because there had been some communication between the defendant and that juror." Defendant moved for a mistrial "if the Court's gonna communicate this to the jury." But defendant failed to state any further grounds for the motion for mistrial which was denied. On appeal, defendant attempts to raise for the first time a contention that the trial court's remarks disparaged and placed in issue his character. But this belated attempt to raise this issue presents nothing which may be considered on appeal. *Allison v. State*, 217 Ga. App. 580, 581 (2), 582 (459 SE2d 557); *Adams v. State*, 197 Ga. App. 81, 82 (397 SE2d 497).

2. Defendant also enumerates as error the denial of another motion for mistrial which occurred after the trial court asked a question of a prosecution witness. Defendant was indicted as "John Steven Worthy," but apparently preferred to be identified as "John S. Worthy," the manner in which defendant's signature repeatedly appears in the record. The State's witness testified as to "Steven Worthy" entering a vehicle, and the trial court inquired in order to establish whether "Steven Worthy" was the same person as the defendant. The witness responded affirmatively noting that he knew him as "Steven" rather than "John." There was no error in the trial court propounding questions to a witness for the purpose of fully developing the truth of the case, and contrary to defendant's assertion there was no improper expression of opinion by the trial court. *Stevens v. State*, 247 Ga. 698, 707 (16) (278 SE2d 398).

3. We find no merit in the final enumeration of error which contends that the evidence is insufficient to authorize defendant's conviction under the standard provided in *Jackson v. Virginia*, 443 U. S.

307 (99 SC 2781, 61 LE2d 560). The State's evidence shows that defendant sold crack cocaine to an undercover agent. *Gay v. State*, 221 Ga. App. 263, 264 (1), 265 (471 SE2d 49).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 19, 1996.

*John E. Pirkle*, for appellant.

*Dupont K. Cheney, District Attorney, Ross H. Pittman III, Assistant District Attorney*, for appellee.