### A99A2268. WOOTEN v. THE STATE.
(552 SE2d 878)

BLACKBURN, Chief Judge.

Following a jury trial, Kenneth R. Wooten appeals his conviction for four counts of child molestation,[1] contending that: (1) the method of assigning cases in the Lookout Mountain Judicial Circuit violated Uniform Superior Court Rule 3.1; (2) prior consistent statements of the victim were improperly allowed into evidence; and (3) a juror was inappropriately dismissed after deliberations had begun. For the reasons set forth below, we affirm.

1. In *Wooten v. State,*[2] this Court considered Wooten's contention that his case should be reversed because the method of assigning cases in the Lookout Mountain Judicial Circuit violated USCR 3.1. Citing *Cuzzort v. State,*[3] we found that Lookout Mountain's method of assigning cases was improper because the Lookout Mountain District Attorney's Office created the criminal court calendar, assigned cases to judges, and actually called the cases to proceed. *Wooten,* 244 Ga. App. at 101-102. We further held that this system was inherently harmful to the defendant. Id. at 102.

In *State v. Wooten,*[4] however, our Supreme Court reversed this Court's opinion, finding that "the district attorney's limited role in assigning cases to a judge and calling the court calendar did not violate Wooten's right to due process under the Georgia Constitution or [the] United States Constitution." The Supreme Court then went on to determine that, although the assignment method was contrary to USCR 3.1, it was "highly improbable that the error . . . contributed to the jury's verdict of guilty." Id. at 533 (3). Therefore, with regard to this enumeration of error, we vacate our prior opinion and adopt the Supreme Court's holding with regard to this issue.

2. Wooten's contention that the trial court improperly allowed prior consistent statements by the victim into evidence was found to be without merit in our prior opinion, and this finding was not reversed by our Supreme Court. Accordingly, this finding stands, and our previous determination remains dispositive of this issue.

---

[1] Wooten was acquitted on charges of aggravated child molestation and aggravated sodomy.

[2] *Wooten v. State,* 244 Ga. App. 101 (533 SE2d 441) (2000).

[3] *Cuzzort v. State,* 271 Ga. 464 (519 SE2d 687) (1999).

[4] *State v. Wooten,* 273 Ga. 529, 532 (2) (543 SE2d 721) (2001).

3. Finally, Wooten argues that the trial court improperly dismissed a juror after deliberations had begun. We disagree.

The record shows that, during the voir dire of the jurors, the State asked jurors to reveal whether they knew the defendant or members of his family. No juror responded to this question. However, after the trial was finished and deliberations had begun, the jury foreperson reported to the trial court that she believed that another juror was being partial because he personally knew Wooten. The foreperson stated that this juror had indicated to the others that he was familiar with the defendant and that, through this association, he had no intention of considering the testimony of the victim.

The trial court then called the problematic juror into court and questioned him. At this time, the juror admitted for the first time that he knew the defendant, and he gave no valid explanation for failing to inform the State when he was originally asked about the association. The trial court did not immediately dismiss the juror because he stated that, despite his knowledge of the defendant, he would attempt to deliberate fairly. While deliberations continued, however, the trial court concluded that the juror should be dismissed for failure to comply with the voir dire oath of honesty. Wooten now appeals this decision.

OCGA § 15-12-172 provides: "If at any time, whether before or after final submission of the case to the jury, a juror dies, becomes ill, upon other good cause shown to the court is found to be unable to perform his duty, or is discharged for other legal cause, the first alternate juror shall take the place of the first juror becoming incapacitated." This Code section gives the trial court "discretion to discharge a juror and replace him or her with an alternate at any time, and we will not reverse as long as the court's exercise of discretion has a sound legal basis." (Punctuation omitted.) *Worthy v. State*.[5]

In this case, such a sound legal basis existed. "It was not an abuse of discretion to conclude that the juror's failure to respond truthfully during voir dire, coupled with his admitted actions during jury deliberations, constituted legal cause for removal." *Norris v. State*.[6] And, contrary to Wooten's argument, the juror's statement that he would try to deliberate fairly does not change this result. Here, the trial court was faced with a juror whose veracity was clearly in question. Under such circumstances, we cannot say that the trial court abused its discretion in removing the juror. Id.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

---

[5] *Worthy v. State*, 223 Ga. App. 612, 613 (1) (478 SE2d 421) (1996).
[6] *Norris v. State*, 230 Ga. App. 492, 495 (5) (496 SE2d 781) (1998).

DECIDED JULY 19, 2001 — 

*Cook & Connelly, Bobby Lee Cook, Todd M. Johnson,* for appellant.

*Herbert E. Franklin, Jr., District Attorney,* for appellee.