A08A2058. PAUL v. THE STATE.
(673 SE2d 551)

MIKELL, Judge.

Rodney Bernard Paul was convicted of aggravated assault and was sentenced to twenty years, sixteen in confinement and four on

probation. On appeal from the denial of his motion for new trial, Paul contends that the trial court erred by excusing a prospective juror for cause, by failing to charge the jury on lesser included offenses, and by denying his ineffective assistance of counsel claim. We disagree and affirm.

1. Paul argues that the trial court abused its discretion by excusing for cause a prospective juror who attended school with him. Paul has waived this asserted error by failing to object at trial.

The record shows that during voir dire, the prospective juror stated that Paul was a friend of hers and that she had known him for a long time. The court inquired whether she could set aside the friendship and render a fair and impartial verdict based on the evidence and the law. The prospective juror replied, "I don't know," and the judge excused her for cause.

On appeal, Paul argues that, although the trial court retains discretion to excuse a juror for cause, here the court erred because it did not establish "that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence."[1] Defense counsel did not object to the dismissal of the juror, however, and has thus waived the issue on appeal.[2] In any event, "a trial judge should err on the side of caution by dismissing, rather than trying to rehabilitate, biased jurors."[3]

2. Paul next complains that the trial court erred by failing to charge the jury on the lesser included offenses of pointing a pistol at another, simple assault, and reckless conduct. Paul is correct that, where even the slightest evidence shows that the defendant may be guilty of a lesser included offense, then a requested charge on that offense must be given.[4] But this rule "does not obviate the necessity that the evidence actually warrant the requested charge."[5]

In the case at bar, there was no evidence supporting the requested charges on lesser crimes. Paul was charged with aggravated assault with intent to murder by shooting Hoskins in the face and arm with a deadly weapon, a handgun. He asserted an "all or nothing" defense at trial. During opening statement, defense counsel asserted that although Paul and the victim were at the same club

---

[1] (Citation and punctuation omitted.) *Greenway v. State*, 207 Ga. App. 511, 513 (3) (428 SE2d 415) (1993).

[2] *Crouch v. State*, 279 Ga. 879, 881 (2) (622 SE2d 818) (2005); *Hunter v. State*, 282 Ga. App. 355, 356 (2) (638 SE2d 804) (2006).

[3] (Citation and punctuation omitted.) *Mulvey v. State*, 250 Ga. App. 345, 348 (3) (551 SE2d 761) (2001). Accord *Simmons v. State*, 251 Ga. App. 682, 691 (8) (555 SE2d 59) (2001).

[4] *Edwards v. State*, 264 Ga. 131, 132 (442 SE2d 444) (1994), citing *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990).

[5] (Citations omitted.) *Moses v. State*, 264 Ga. 313, 315 (2) (444 SE2d 767) (1994). Accord *Cotton v. State*, 274 Ga. 26 (2) (549 SE2d 71) (2001).

on the same night, Paul stayed in the parking lot and fled when he heard shots fired. The victim, James Otis Hoskins, testified that he had seen Paul earlier in the evening at a pool hall, and Paul made a strange comment to him. Later, around 12:30 a.m., Hoskins drove to the club and tried to park in the parking lot, but Paul's car was blocking the alley that led to the lot. Paul got out of the car and walked to Hoskins's car. Hoskins asked Paul to move his car. Paul said yes, but did not move his car far enough for Hoskins to park in the lot. Paul walked back to Hoskins, who was still sitting behind the wheel, and asked whether Hoskins was following him or had a problem with him. Hoskins said he did not. At that point, Paul put his hand in his pocket, pulled out a gun, and shot Hoskins twice, once in the face and once in the arm.

Paul's cousin, Jerrish Bash, was in the car with Paul in the alley that night. Bash testified that he saw Paul walking toward Hoskins with the gun; that Paul said something to Hoskins, and "the next thing I [knew], he reached in and shot the man." According to Bash, Paul ran back to the car, told Bash to get in, and started following Hoskins, who drove himself to the hospital. Bash told Paul to leave Hoskins alone, and they parked the car in a relative's back yard.

The police detective who interviewed Hoskins in the hospital testified that Hoskins said that he was nervous because Paul kept reaching in his pocket and Hoskins did not know what Paul had in there. Hoskins said he started to back his car up to get away from Paul when Paul pulled out a gun and shot him. Hoskins told the detective that Paul was only about three feet away when he fired the shots.

The defense did not call any witnesses. In closing, defense counsel acknowledged that Hoskins had been shot but essentially denied that Paul was the shooter.

There is no transcript of the charge conference in the record, but the trial transcript shows that after the jury was charged, defense counsel objected to the court's failure to instruct the jury on pointing a pistol at another, simple assault, and reckless conduct. The court overruled the objection, concluding that the evidence showed that Paul was either guilty of aggravated assault or not guilty.

The trial court correctly refused to charge the lesser crimes. "Where, as here, the evidence establishes either the commission of the completed offense as charged, or the commission of no offense, the trial court is not authorized to charge the jury on a lesser included offense."[6] A person is guilty of simple assault, a misde-

---

[6] (Citations and punctuation omitted.) *Seay v. State*, 276 Ga. 139, 140 (2) (576 SE2d 839) (2003).

meanor, if he "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury."[7] "If a deadly weapon is used to place another in fear of receiving a violent injury, the offense is elevated to aggravated assault."[8] Here, the evidence shows that if Paul committed a simple assault, it was done with a deadly weapon, making the crime an aggravated assault. Thus, a charge on simple assault was not warranted.[9]

Under OCGA § 16-11-102, "[a] person is guilty of a misdemeanor when he intentionally and without legal justification points or aims a gun or pistol at another, whether the gun or pistol is loaded or unloaded." Evidence that Hoskins tried to back up his car while nervously watching Paul extract a gun from his pocket showed an apprehension of receiving a violent injury which precluded an instruction on pointing a pistol at another.[10]

As for reckless conduct, another misdemeanor, the only inference that may be reasonably drawn from the evidence was that in pointing the gun at Hoskins, Paul did so intentionally, not "consciously disregarding a substantial and unjustifiable risk that his act or omission [would] cause harm or endanger [Hoskins's] safety."[11] Therefore, a jury instruction on reckless conduct was not warranted by the evidence.[12] The trial court properly refused to give Paul's requested charges on lesser crimes.

3. Paul argues on appeal that his trial counsel was ineffective for failing to file an affidavit in support of his motion to recuse the trial judge, as required by Uniform Superior Court Rule ("USCR") 25.1.[13] This argument fails, because the absence of an affidavit did not affect the court's consideration of the motion.

The record shows that a hearing was held on Paul's motion to recuse the judge. Paul testified at the hearing that he did not believe that the judge would be fair and impartial because he presided over two probation revocation hearings involving Paul and ruled against him on both occasions. Defense counsel was unable to cite any law indicating that a judge should disqualify himself if he has presided

---

[7] OCGA § 16-5-20 (a) (2).

[8] (Citations omitted.) *Willingham v. State*, 281 Ga. 577, 578 (642 SE2d 43) (2007); OCGA § 16-5-21 (a) (2).

[9] See *Stobbart v. State*, 272 Ga. 608, 611 (3) (533 SE2d 379) (2000).

[10] See *Roberts v. State*, 282 Ga. 548, 553-554 (12) (651 SE2d 689) (2007).

[11] OCGA § 16-5-60 (b).

[12] See *Stobbart*, supra. See also *Lashley v. State*, 283 Ga. 465, 466-467 (2) (660 SE2d 370) (2008); *Morris v. State*, 228 Ga. App. 90, 93 (3) (491 SE2d 190) (1997).

[13] USCR 25.1 requires that a motion to recuse attach "affidavit(s) which shall fully assert the facts upon which the motion is founded." See generally *Gould v. State*, 273 Ga. App. 155, 158-160 (4) (614 SE2d 252) (2005) (reviewing standards for evaluation of motion seeking recusal of trial judge).

YALE LAW LIBRARY

over probation revocation proceedings involving the defendant on trial. For that reason, the trial court denied the motion.

In order to establish ineffective assistance of counsel, a defendant must show both that his trial counsel's performance was deficient and that the deficiency was so prejudicial that a reasonable likelihood exists that the outcome of the trial would have been different but for counsel's error.[14] In the case at bar, Paul has not demonstrated either deficient performance or prejudice. He has not cited any authority which suggests that recusal was required under the circumstances of this case. Nor has Paul shown any additional steps that his trial counsel could have taken in order to secure recusal by the trial judge. At the hearing on Paul's motion for new trial, appellate counsel was unable to articulate a single basis to support an affidavit for Paul's USCR 25.1 motion. Moreover, recusal is warranted only when the alleged impartiality stems from an extra-judicial source.[15] "[T]he fact that the judge has sat on prior cases of the party or ruled on prior matters in the case before the judge is legally insufficient as a ground for recusal."[16] It follows that the trial court did not err in denying Paul's motion for new trial on this ground.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 11, 2009

*Wright, Hyman & Pack, George R. Wright*, for appellant.
*Denise D. Fachini, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.

[14] *Keller v. State*, 286 Ga. App. 292, 300 (8) (648 SE2d 714) (2007).
[15] See *Turner v. State*, 280 Ga. 174, 175 (626 SE2d 86) (2006).
[16] (Punctuation and footnote omitted.) *Keller*, supra at 296 (2).