## A09A0621. GREEN v. THE STATE.
(680 SE2d 156)

DOYLE, Judge.

After a jury trial, Sammie Lee Green was found guilty of kidnapping,[1] armed robbery,[2] two counts of aggravated sodomy,[3] and possession of a knife during the commission of a crime.[4] On appeal, Green alleges that the trial court abused its discretion by dismissing a juror after deliberations had commenced and by failing to investigate a juror who allegedly communicated to the mother of one of the victims during the trial. Finding no error, we affirm.

1. Green argues that the trial court abused its discretion when it dismissed a juror after the close of evidence and after jury deliberations had commenced. During voir dire, the State asked potential jurors if they ever had been arrested on a felony charge.[5] The juror in

---

[1] OCGA § 16-5-40 (a).

[2] OCGA § 16-8-41 (a).

[3] OCGA § 16-6-2 (a) (2).

[4] OCGA § 16-11-106 (b).

[5] A transcript of the voir dire has not been supplied by Green, and although he contends that he was not given the opportunity to review a transcript of the voir dire at the time that the State sought to remove the juror in question, he does not allege on appeal that the State failed to ask this question or that the question was worded differently. In any event, "an appellant bears the burden of showing error affirmatively by the record, and if the transcript

question failed to divulge that he had been arrested for rape in 1997. The State did not learn about this omission until after deliberations had begun and raised the issue before the trial court at that time. The trial court questioned the juror outside the presence of the other jury members, and the juror first denied that he had been arrested for a felony, but later admitted that he had been arrested for rape. Based on the juror's answers, the trial court removed him from the jury.

OCGA § 15-12-172 "gives the trial court discretion to discharge a juror and replace him or her with an alternate at any time, and we will not reverse as long as the court's exercise of discretion has a sound legal basis."[6] In this case, the trial court did not abuse its discretion by dismissing the juror after deliberations had begun because the juror's "failure to respond truthfully during voir dire" constituted legal cause to remove him.[7] Although there has been no allegation in this case that the juror in question refused to deliberate with his fellow jurors, and although the juror contended that his failure to answer was an honest mistake, we discern no abuse of discretion in his removal because "the trial court was faced with a juror whose veracity was clearly in question."[8]

2. Next, Green alleges that the trial court erred by failing to investigate alleged juror misconduct. Immediately after the trial court dismissed the juror discussed in Division 1, Green asked the court to listen to his allegations concerning another juror. The court held a recess and allowed Green to take the stand and explain, at which point he alleged that another juror was "messing with [one of the victim's] mother." Defense counsel stated that the trial court, "might want to investigate this matter . . . ," and the trial court allowed Green to continue with his explanation. Green seemed to indicate that the juror in question was communicating with the victim's mother in the courtroom, but then Green's statements

---

does not fully disclose what transpired at trial, it is the duty of the complaining party to complete the record pursuant to OCGA § 5-6-41 (f)." (Citation omitted.) *Smith v. State*, 294 Ga. App. 692, 700 (7), n. 31 (670 SE2d 191) (2008).

[6] (Citation, punctuation and footnote omitted.) *Wooten v. State*, 250 Ga. App. 686, 687 (3) (552 SE2d 878) (2001). See OCGA § 15-12-172 ("[i]f at any time, whether before or after final submission of the case to the jury, a juror dies, becomes ill, upon other good cause shown to the court is found to be unable to perform his duty, or is discharged for other legal cause, the first alternate juror shall take the place of the first juror becoming incapacitated . . .").

[7] Id. (holding that it was not an abuse of discretion to dismiss a juror who failed to admit during voir dire that he knew the defendant and who made statements during deliberations that he would not believe the victim's testimony in light of his relationship with the defendant); see also *Norris v. State*, 230 Ga. App. 492, 495-496 (5) (496 SE2d 781) (1998) (holding that it was not an abuse of discretion to dismiss a juror who responded during voir dire that he had never been in an abusive relationship when he actually had been assaulted by women on previous occasions).

[8] *Wooten*, 250 Ga. App. at 687 (3).

turned to the juror who had already been dismissed by the court. At that point, the trial court asked Green to step down and did not take further action with regard to the allegation.

The trial court clearly investigated the incident by allowing Green to state his allegations about the juror's misconduct, and Green neither asked the court to take further action beyond the investigation it completed nor objected when the trial court failed to take further action regarding the juror. "It is well established that the failure to object in the trial court constitutes a waiver of a party's right to raise a matter on appeal."[9] Moreover, to the extent that Green's actions can be construed as an objection, he failed to elicit a ruling thereon and has therefore waived this claim.[10]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JUNE 11, 2009.

*Martin H. Eaves*, for appellant.
*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.

---

[9] *Hargett v. State*, 285 Ga. 82, 83 (3) (674 SE2d 261) (2009).

[10] See, e.g., *Carter v. Smith*, 294 Ga. App. 590, 594 (2) (c) (669 SE2d 425) (2008) ("[b]ecause [the defendant] did not elicit [a] ruling from the trial court on his objection, he has waived any claim [regarding the issue]").