**SECOND DIVISION**
**ANDREWS, P.J.**
**BRANCH and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 25, 2016**

# In the Court of Appeals of Georgia

A15A1664. SMITH v. THE STATE.                                    PE-036C

PETERSON, Judge.

Irvin Dexter Smith, convicted of one count of burglary and one count of theft by taking a motor vehicle, appeals from the denial of his motion for new trial. He argues that the trial court erred when (1) it replaced a juror after discovering that she was listed as a friend on Smith's Facebook page, because there was no evidence that the juror actually knew Smith or would be biased in his favor, and (2) by preventing him from calling a witness to testify regarding the witness's use of Facebook at the motion for new trial hearing. We conclude that the trial court did not abuse its discretion in dismissing the juror because she was connected to Smith via Facebook. We also conclude that the testimony of Smith's witness was irrelevant to show

whether Smith and the dismissed juror knew each other, and, thus, the trial court did not abuse its discretion in excluding this witness's testimony. Accordingly, we affirm.

The record reflects that during jury selection, the State asked the members of the venire, including Juror 4, whether they knew Smith. None of the prospective jurors responded affirmatively. The selected jurors and their alternates were sworn in and no objections to the jury were made.

During jury deliberations, the trial court received a note from the jury indicating that it was deadlocked. The trial court then gave an *Allen* charge to the jury.

After the jury returned to deliberate further, the State moved to replace Juror 4 because it had discovered that Juror 4 appeared as a friend on Smith's Facebook page. The State argued that Juror 4 should be dismissed because she did not respond affirmatively when asked during jury selection whether she knew Smith. During the trial court's inquiry, Juror 4 initially stated that she rarely used Facebook and did not believe she was friends with Smith on Facebook, but she later confirmed that her profile appeared on Smith's Facebook page as a friend.[1] Based on Juror 4's answers,

_____

[1] Facebook, one of the most popular social networking websites, allows users to create profiles, join networks, and "friend" other users. Registered users create and customize their own user profiles by adding content, including personal information,

2

the trial court replaced her with an alternate. The jury subsequently returned a guilty verdict on the counts of burglary and theft by taking a motor vehicle. This appeal ensued.

1. Smith contends that the trial court erred in dismissing Juror 4 during jury deliberations because it failed to make a sufficient inquiry to establish any misconduct to warrant her removal. We disagree.

Under OCGA § 15-12-172, the trial court has discretion to replace a juror with an alternate at any time, whether before or after final submission of the case to the jury, provided the trial court has a sound legal basis to do so. *Mathis v. State*, 293 Ga. 837, 839 (1) (750 SE2d 308) (2013). This Court will not reverse a trial court's decision to remove a juror from a panel absent an abuse of discretion. *Armstrong v. State*, 325 Ga. App. 33, 39 (5) (752 SE2d 120) (2013).

A sound basis to remove a juror

> may be one [that] serves the legally relevant purpose of preserving public respect for the integrity of the judicial process. Where the basis for the juror's incapacity is not certain or obvious, some hearing or

---

content related to their interests, and photographs and other media, which can then be shared with other Facebook users. *See generally Ehling v. Monmouth-Ocean Hosp. Serv. Corp.*, 961 F. Supp. 2d 659, 662 (D.N.J. 2013) (providing further background on using Facebook).

3

inquiry into the situation is appropriate to the proper exercise of judicial discretion. Dismissal of a juror without any factual support or for a legally irrelevant reason is prejudicial.

*State v. Arnold*, 280 Ga. 487, 489 (5) (629 SE2d 807) (2006) (citations and punctuation omitted).

Here, Smith objected to the State's request to replace Juror 4, argued that the juror was not specifically asked whether she had a meaningful connection to Smith, and requested that the court conduct a further investigation before replacing her. The trial court questioned Juror 4, who initially stated that she rarely used Facebook and was not friends with Smith on Facebook. The trial court then dismissed Juror 4 "out of an abundance of caution," and Smith made one more objection, asking that the trial court authenticate that Juror 4 actually appeared on Smith's Facebook page. Juror 4 was shown the profile picture in question, and she confirmed that her profile appeared as a friend on Smith's Facebook page. The trial court replaced Juror 4 with no further objections by Smith.

The trial court did not abuse its discretion in replacing Juror 4. Regardless of Juror 4's reasons for failing to disclose her connection to Smith, the depth of her relationship, and whether her failure to disclose constituted misconduct, Juror 4 was

connected to Smith in some fashion and her veracity on the issue was in question. See

*Cohen v. Baxter*, 267 Ga. 422, 423 (479 SE2d 746) (1997) (the trial court is in the best position to judge the credibility of the juror and, therefore, has significant discretion to retain or dismiss a juror). Consequently, the trial court did not abuse its discretion in replacing Juror 4. *See Green v. State*, 298 Ga. App. 301, 302 (1) (680 SE2d 156) (2009) (trial court did not abuse its discretion in removing a juror after deliberations began because the juror failed to affirmatively respond to a jury selection question, even though the juror claimed that his failure was an honest mistake); *Darden v. State*, 212 Ga. App. 345, 347 (4) (441 SE2d 816) (1994) (trial court did not abuse its discretion in removing a juror where the State had overlooked the juror's attempt to indicate during jury selection that she knew the defendants). Because we conclude that the trial court did not err in replacing Juror 4, we need not consider Smith's argument that he suffered prejudice as a result, including his argument that the alternate reduced the number of African-Americans on the panel.[2]

---

[2] Although Smith mentions the racial composition of the panel in the context of prejudice, he does not assert any independent claim regarding that composition, whether under *Batson v. Kentucky*, 476 U. S. 79 (106 SCt 1712, 90 LEd2d 69) (1986), or otherwise.

5

2. Smith also contends that the trial court erred at the motion for new trial hearing by excluding as irrelevant the testimony of Sharon Lunsford, who he sought to testify regarding her general experience using Facebook. Smith argues that Lunsford's testimony would establish that Facebook users may not actually know people listed as their Facebook friends and would thus tend to show that Juror 4 may not have actually known Smith.

Relevant evidence generally shall be admissible, and relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OCGA §§ 24-4-401, 24-4-402. We review a trial court's evidentiary ruling for an abuse of discretion. *Reeves v. State*, 294 Ga. 673, 676 (2) (755 SE2d 695) (2014).

Here, Smith argues only that Lunsford's testimony about her own personal Facebook experience supported the possibility that Juror 4 *may* have appeared on Smith's Facebook page without having known him. But, even if true, this is not enough. No matter what Lunsford's personal style of using Facebook might be, her testimony regarding that style is not relevant to Juror 4's personal style, and Smith did not attempt to elicit relevant testimony on that subject from the only person able to

6

give it – Juror 4. Consequently, the trial court did not abuse its discretion in excluding the testimony as irrelevant.

*Judgment affirmed. Andrews, P. J., and Branch, J., concur*.