# Court of Appeals
# of the State of Georgia

ATLANTA,____April 05, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A0901.  RODNEY BERNARD PAUL v. THE STATE.**

Rodney Bernard Paul was convicted of aggravated assault and was sentenced to 20 years with 16 to serve.  We affirmed his conviction on direct appeal.  See *Paul v. State*, 296 Ga. App. 6 (673 SE2d 551) (2009).  Paul subsequently filed a motion for correction of sentence, alleging that the State had not provided an appropriately certified copy of his prior conviction, as required to support his recidivist sentence.  The State then filed a properly certified copy.  More than a year later, Paul filed a motion to vacate void sentence, contending that his sentence is void because, when it was imposed, it was not supported by certified documentation of his prior conviction.  After the trial court denied Paul's motion, he filed this appeal.

A direct appeal may lie from an order denying a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  The Supreme Court has held that waiveable challenges to a recidivist sentence, including "a claim that the State failed to prove the existence of a prior conviction by admissible evidence[,]" do not constitute valid void-sentence claims.  See *von Thomas v. State*, 293 Ga. 569, 572-573 (2) (748 SE2d 446) (2013).  Because Paul has not raised a colorable void-sentence argument, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,_____04/05/2016_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*